# In the United States Court of Federal Claims

No. 21-1609C

(Filed: August 9, 2021)

**NOT FOR PUBLICATION**

| | |
|---|---|
| PAUL MARK DE LA O, JR., ) | |
| ) | |
| Plaintiff, ) | Pro Se Complaint; <u>Sua Sponte</u> |
| ) | Dismissal for Want of |
| v. ) | Jurisdiction, RCFC 12(h)(3); |
| ) | Transfer Not Warranted; Anti- |
| THE UNITED STATES, ) | Filing Injunction. |
| ) | |
| Defendant. ) | |
| ) | |

ORDER OF DISMISSAL

Currently before the court in this case are pro se plaintiff's July 21, 2021 complaint, see ECF No. 1, and plaintiff's motion for leave to proceed in forma pauperis (IFP), see ECF No. 7. Because the court lacks jurisdiction over plaintiff's claims, the court must dismiss this case sua sponte pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The court's jurisdictional analysis is set forth below.

I.  Background

Plaintiff's complaint is set forth on the court's pro se complaint form, the statement of the claim states, as follows:

> The inconsideration for all human life is evidential in how the United States is publicly endangering all of (America's) lives by permitting such measures and/or failing to implement all necessary protocol in assuring all actions are taken in security eradication of said illness of which has already infected over 31 MILION Americans!  It is implications of which constitutes accomplices to genocide liability as all of these establishments and/or inoculations are intentionally and recklessly inflicting a product for an illness of which has been inevitably been contributing to deaths (over $500,000!) and improperly

> handling all measures essential in implementing absolute assurance in overall effectiveness and safety prior to redistribution! It is actions of these of which inflict on the line of accomplice to genocide liability especially in the fact that many of the accused individuals and/or establishments involved with said production and/or distribution of inoculations have advanced pharmaceutical degrees and/or medical degrees know the potential risks and hazards involved with releasing a drug to the certainty of the medicine being assured of it's effectiveness! It is intentional and willful actions like these contributing to an illness (corona virus, COVID-19) of which is easily able to be identified as a genocide up to this point! Complicity in genocide indistinguishably! It is illegality!

ECF No. 1 at 2. Plaintiff requests that the court "legally hold responsible all the individuals of the White House our president, US senate, House of Representatives, and every other division of our American government who is responsible for such inflictions of crime and disgusting acts towards society!" Id. at 3. Attached to plaintiff's complaint is a thirty-eight-page document in which he alleges this court's jurisdiction is based on the fact that he has "been abused lied to and neglected as a result of the White House's actions," and continues the statement of his claim. See ECF No. 1-1. Plaintiff seeks a monetary award in the amount of $130,000,000. Id. at 38.

Including this case, plaintiff has filed a total of four suits in this court alleging claims against the government for mishandling of the Coronavirus Disease 2019 (coronavirus), two of which have been dismissed for lack of subject matter jurisdiction. See De La O v. United States, Case No. 21-1329 (complaint against a number of government agencies alleging coronavirus mishandling claims, dismissed for lack of jurisdiction on July 27, 2021); De La O v. United States, Case No. 21-1330 (complaint against the Federal Communications Commission alleging coronavirus mishandling claims, dismissed for failure to prosecute on June 24, 2021, and, on August 2, 2021, motion to reconsider denied noting that the court lacked subject matter jurisdiction to consider the case). Two of the four cases remain pending in this court. See De La O v. United States, Case No. 21-1609 (this matter); De La O v. United States, Case No. 21-1622 (complaint against the Federal Communications Commission alleging coronavirus mishandling claims).

I.  Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading. Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, it supports jurisdiction in this court.

"A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt." Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed.

Cir. 1988) (citation omitted).  The Tucker Act delineates this court's jurisdiction.  See 28 U.S.C. § 1491.  That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States."  Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted).  These include "claims for money damages against the United States 'founded either upon the Constitution, any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.'"  Id. (quoting 28 U.S.C. § 1491(a)(1)).

III.    Analysis

    A.    Lack of Jurisdiction

The narrative of plaintiff's complaint is somewhat difficult to follow, but the central claim appears to assert that the federal government mishandled its response to the coronavirus pandemic, and has intentionally or recklessly "inflicted" a dangerous vaccine on the public.  ECF No. 1 at 2.  Such claims sound in tort, and are beyond the scope of this court's jurisdiction.  See 28 U.S.C. § 1491(a)(1); Keene Corp. v. United States, 508 U.S. 200, 214) (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims."); see also Godfrey v. United States, 131 Fed. Cl. 111, 121-22 (2017) (noting that "a typical tort involves an intentional act resulting in harm," and finding that a claim that defendant poisoned plaintiff's water was a tort claim outside this court's jurisdiction) (internal quotation marks and citation omitted).

To the extent that plaintiff means to allege claims against individual federal officials that were in charge of responding to the coronavirus pandemic, this court also lacks jurisdiction to consider such claims.  "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."  Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).  Indeed, allegations of "wrongful conduct by governmental officials in their official capacity are tort claims over which the United States Court of Federal Claims does not have jurisdiction."  Sindram v. United States, 67 Fed. Cl. 788, 792 (2005) (citing 28 U.S.C. § 1346(b)).  For these reasons, the court is without jurisdiction to consider the merits of plaintiff's case.

    B.    Transfer

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . .

28 U.S.C. § 1631.  Here, plaintiff's complaint is too incoherent to allow the court to determine either whether transfer would serve the interests of justice in this case, or to which court a transfer would be made.  As such, the court concludes that transfer is not warranted.

IV. Conclusion

    Accordingly, for the foregoing reasons:

(1) Plaintiff's motion for leave to proceed IFP, ECF No. 7, is **GRANTED** for the limited purpose of determining jurisdiction;

(2) The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3);

(3) The clerk's office is further directed to **RETURN** any future filings not in compliance with this court's rules to plaintiff, **UNFILED**, without further order of the court;

(4) The court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith because, as alleged, plaintiff's claims are clearly beyond the subject matter of this court; and,

(5) Because plaintiff has repeatedly filed complaints which needlessly consume the resources of the court, the court hereby **ENTERS** the following anti-filing injunction:

> **Paul Mark De La O, Jr.** is immediately **ENJOINED** from filing any new complaints with this Court without first obtaining leave from the Chief Judge of the United States Court of Federal Claims to do so. Any motion for leave to file must include as an attachment a full complaint that meets all of the requirements of RCFC 8; in particular the complaint must identify the source of law supporting this court's jurisdiction over the claims asserted.

    IT IS SO ORDERED.

    s/*Patricia E. Campbell-Smith*
    PATRICIA E. CAMPBELL-SMITH
    Judge